Richard-LeRoy: Wagner;

Trish-JoAnne: Wagner Mikolajczyk;

Kristin-Janelle: Wagner;

Raymond-Paul: Mikolajczyk;

PO BOX 72836

Fairbanks, AK 99707

907-987-8341

richard.trish.kristin.forDad@proton.me

June 23, 2023

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

Richard-LeRoy: Wagner

Trish-JoAnne: Wagner Mikolajczyk;

Kristin- Janelle: Wagner;

Raymond-Paul: Mikolajczyk;

      Plaintiff,

vs.

Spencer J Ruppert;

Kirk F Schwalm;

Ruth Meier;

CSoliz

Tessa Tate

Deborah A Lee

Gregory W Wagner

      Defendant

CIVIL ACTION NO. 4:23-cv-00013-SLG

Civil Action
Complaint for Violation of Civil Rights,
42 USC §§ 1986, 1985, 1983.

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 1

Complaint for Violation of Civil Rights, 42 USC §§ 1986, 1985, 1983.

This action arises under the United States Constitution, specifically Amendment V, access to due process; Amendment IV, security for property, records, documents, houses and papers; United States, federal statutes, found at United States Code title,42, §§ 1986, 1985 and 1983; and others that may appear herein and herewith after.

GRAVAMEN:

Plaintiffs are reporting what is known and shown by public records, and believed to be violations of civil rights, carried out in a conspiracy between alleged state actors, alleged beneficiaries and possible beneficiaries to estate of Richard Errol Wagner, decedent. Defendants are cooperating intentionally to pervert the wishes of the decedent. Essentially this civil action contract is reporting what are believed to be crimes.

PARTIES

Plaintiffs are state citizens of Alaska, and children of the Richard Errol Wagner. Plaintiffs are operating in good faith, attempting to execute the wishes of the decedent as agreed and understood by all family members prior to his death. Plaintiffs are executing the wishes of the decedent.

Defendants are citizens of Alaska, and also the children of Richard Errol Wagner. Defendants are children of the decedent who knew, and have always known, for years, that the decedent expressed wishes that each of the defendants was strictly limited limited as an estate beneficiary by order of decedent. Defendants are operating in bad faith under the pre-existing understanding, and agreement that plaintiffs would be the administrators over the decedents estate.

DECLARATION OF FACTS

Richard Errol Wagner is the father of each of the plaintiffs, with exception to Raymond P Mikolajczyk son-in-law and the father of defendants Deborah A Lee and Gregory W Wagner.

Plaintiffs make only general allegations here in because complete and proper affidavits of both the plaintiffs and other community members, that have first-hand knowledge of the events, captured by this civil action, will be filed as completed and gathered from the general community. Further, discovery will expose all of the relevant facts which will

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 2

be verified by the forthcoming affidavits.

Rule 19 joinder of necessary parties may be invoked and applied, depending on the affidavits from general community members exposing the relations to the decedent and possible claims on the estate.

For quite some time, there have been perturbations within the family structure, causing immunity and actions in relation to the decedents properties resulting in damage to the estate properties prior to the time of death of Richard Errol Wagner.

Prior to Wagner's death, plaintiffs provided all care and management of his properties and their own home. During that time, Wagner was clear in his instructions on how his estate should be administered and by whom. Wagner appointed plaintiffs in general as administrators over his estate.

This fact, was established in a family meeting after Wagner's death, and it was agreed that the wishes of Wagner prior to his death would be executed by all family members. At the meeting were all plaintiffs and one defendant, Deborah A Lee.

Defendant, Gregory W Wagner, carried on a lawsuit against the decedent, his father, for 20 plus years over real property issues in which the defendant had no real right title or interest. These actions caused great perturbation to the decedent and cost the estate massive amounts of funds to defend against false claims; that case is still active.

Defendant, Deborah A Lee, while in care and custody of her father's real properties, abused the properties, failed to make timely payments as agreed, and failed to keep up current operating cost, such as utility bills and physical damage to property.

Defendants, Deborah A Lee, Gregory W Wagner, jointly and severally approached the probate court for the State of Alaska, and filed false statements, declaring that they were the chosen administrators over the decedents estate. These defendants knew their statements were false, and thus manipulated the legal system for their benefit.

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 3

Plaintiffs reserve their rights at this time to identify the attorneys for these two defendants, Deborah A Lee, Gregory W Wagner, in the event, discovery shows that the attorneys knew or should have known, through application of simple due diligence and proper administration of a probate action, that their clients were making false statements and abusing legal process.

Defendant, before and after receiving the fraudulently obtained appointment of administrator over the estate, under false statements, acted to actually damage the other beneficiaries of the estate and the rights of the plaintiffs. United States postal services were tampered with, power, water, and other services were shut off to decedents residence, bank accounts were altered as to who's access was available under the decedents orders, car payments for the decedent were not made which resulted in the loss of an asset..

Defendants, Ruth Meier, CSoliz, Tessa Tate operating as state actors in the position of clerk of court, Spencer J Ruppert as magistrate, and Kirk F Schwalm as the judge, supported what they knew and should have known were attempts as conversion, theft, abuse of legal process, because they conspired to bar plaintiffs from filing documents in the probate case and refused to docket plaintiffs documents.

Plaintiffs attempted to use their limited knowledge of legal, probate and court procedures to advise and inform the public servant defendants of moral, commercial and legal hazards, rising to crimes covered under both the State of Alaska and Federal codes.

Defendants jointly and severally conspired to deny the plaintiffs the legal right to have all documents and process served to them, both personally and through public record repositories, be recognized as protected under United States Supreme Court Order directing all judicial officers to interpret, and construct all sui juris or pro se actions for the benefit of the non attorney operating as a professional merchant of law, when the best light construction exposes proper legal, political and commercial practices.

Plaintiffs declare and testify here and now that discovery through this civil action contract will expose evidence and completely verify the causes of action below are valid.

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 4

Plaintiffs declare that obstruction of justice through fraudulent declarations and less than proper process resulted in being denied legal and civil rights protected by the State of Alaska Declaration of Rights, the National Bill of Rights, and statutes applied to invoke this courts jurisdiction.

Plaintiffs declare and testify that the value of the estate is in excess of $75,000.00 USD.

CAUSES OF ACTION

Defendants act in conversion of decedents express intent and will, their father Richard Errol Wagner, through sham and fraudulently invoked legal process to convert Wagner's entire estate to their own purposes and benefit and have gathered together co-conspirators to perfect the conversion.

Defendants conspiracy, as it stands now, results in theft of estate rights and benefits of plaintiffs expressly declared by Wagner to be carried out after his death.

Defendants individually or separately could not carry out either the conversion or theft of estate assets. Thus, defendants intentionally chose to work together to achieve the purpose which is generally to enrich themselves. Defendants, Deborah A Lee, Gregory W Wagner, family members of the Wagner clan sought out assistance of codefendants, Spencer J Ruppert, Kirk F Schwalm, Ruth Meier, CSoliz, Tessa Tate and others as of now unknown, to even up, harm, injure and damage, family members. Family disputes being settled by instituting judicial process by abusing the powers of the Probate Court through false declarations while drawing in defendants acting under color of official right is the perfect definition of a conspiracy.

Defendants jointly and severally abuse a Dead Man when in concert actions are taken or not taken to first fully discover or attempt to hide decedents wishes who passed intestate. Yet having made his wishes known with and by numerous family members and close family associates. Further defendants knew and have always know the wishes of the decedent because the wishes have been known for years and defendant Deborah A Lee, agreed to recognize and be bound by decedents wishes at a family meeting.

Defendants as movants in the In the Matter of Wagner, Richard Errol, Estate, Case No. 4FA-23-00055PR, knowingly

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 5

and intentionally abused the judicial authorities of the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, when they filed knowingly false statements declaring that decedent Richard Errol Wagner chose defendant Deborah A Lee administrator over his estate.

Plaintiff reserves to rights to joinder additional defendants exposed during discovery.

Plaintiffs reserve rights to amend remedies and reliefs pending discovery due to the circumstances founding this civil action contract.

REMEDY AND RELIEF

First relief applied for is establishing the federal jurisdiction over the probate estate case no. 4FA-23-00055PR, now removed to this court. Richard Errol Wagner's estate seeks completion of full administration of the estate, in complete accord with the decedents wishes in this court.

Second relief applied for is the application of the federal civil rules, particularly discovery, to the state probate action records, removed to this court from the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, Case No. 4FA-23-00055PR along with all of the evidence surrounding the decedent, Richard Errol Wagner and his wishes be gathered from all community members having knowledge of these matters.

The first remedy sought will be a referral to both State and Federal investigative agencies when the discovery exposes the facts to which the law may be attached.

The second remedy sought will be damages in excess of $75,000.00 after discovery exposes the full extent of the estate, full expense ledgers are developed concerning damages to the estate assets, and expenses defending the estate and intent of decedent.

Done this 23 day of June, 2023, as duly sworn before our Creator, declared from first-hand knowledge and presented under the pains and penalties of perjury under 28 USC 1746(1) with in the United States of America.

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 6

SUBSCRIBED AND SWORN, at Fairbanks, Alaska, this 23nd of June, 2023

_____

By: Trish-JoAnne: Wagner Mikolajczyk

c/o RFD PO Box 72836

Fairbanks, Alaska 99707

_____

By: Kristin-Janelle: Wagner

c/o RFD PO Box 74298

Fairbanks, Alaska 99707

_____

By: Richard-LeRoy: Wagner

c/o RFD PO Box 74298

Fairbanks, Alaska 99707

_____

By: Raymond-Paul: Mikolajczyk

c/o RFD PO Box 72836

Fairbanks, Alaska 99707

CIVIL ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 USC §§ 1986, 1985, 1983. - 7