# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD-LEROY WAGNER, TRISH-JOANNE WAGNER MIKOLAJCZYK, KRISTIN-JANELLE WAGNER, and RAYMOND-PAUL MIKOLAJCZYK,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER J. RUPPERT, KIRK F. SCHWALM, RUTH MEIER, CSOLIZ, TESSA TATE, DEBORAH A. LEE, and GREGORY W. WAGNER,<br><br>Defendants. | Case No. 4:23-cv-00013-SLG |

## ORDER REMANDING STATE PROBATE CASE AND DISMISSING ALL OTHER CLAIMS

Self-represented Plaintiffs Richard-LeRoy Wagner, Trish-JoAnne Wagner Mikolajczyk, Kristin-Janelle Wagner, and Raymond-Paul Mikolajczyk ("Plaintiffs") initiated this action on June 23, 2023, by filing a "Complaint for Violation of Civil Rights, §§ 1986, 1985, and 1983".[1] Attached to that document, they also filed a "Civil Action Notice of Removal of State Action[,] 28 U.S.C. §§ 1441, 1331, Federal

---

[1] Docket 1.

Question."[2] Plaintiffs allege that they are citizens of the State of Alaska and the children of Richard Errol Wagner.[3]

The Court takes judicial notice[4] of the state court probate action regarding the Estate of Richard Errol Wagner that Plaintiffs seek to remove to federal court. After Plaintiffs filed the Notice of Removal in the state court and in this Court, the Superior Court stayed the state probate case.[5]

In the Complaint, Plaintiffs name as Defendants two other children of the decedent, Deborah Lee and Gregory Wagner. They also name as Defendants Superior Court Judge Kirk Schwalm, Magistrate Judge Spencer Ruppert (acting as Standing Master in the state probate case), and three Superior Court Clerks (collectively, the "State Court Defendants"). Plaintiffs maintain that they are "attempting to execute the wishes of the decedent as agreed and understood by all family members prior to his death."[6] Plaintiffs allege Defendants conspired "to

---

[2] Docket 1-1.

[3] Docket 1 at 2.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] *In The Matter of The Estate of Richard Errol Wagner,* Case No. 4FA-23-00055PR. Docket 7/01/2023 (Case Stayed by filing of Federal Case); Docket 6/23/2023 (Notice of Removal).

[6] Docket 1 at 2.

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 2 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 2 of 10

pervert the wishes of the decedent" and denied Plaintiffs "the legal right to have all documents and process served to them" in the probate case.[7]

There are currently five motions pending before this Court.  At Docket 9, Defendants Deborah Lee filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6);  Gregory Wagner joined in that motion at Docket 12.   At Docket 14, the State Court Defendants filed a motion to dismiss for failure to state a claim. At Docket 18, Plaintiff Raymond-Paul Mikolayczyk filed a motion for correction of errors. At Docket 23, Plaintiffs filed a document entitled "Contract Owners Orders; In Nature of Motion to Strike; Assignments of Errors; Hearing Demand; Submission of Records."  And at Docket 30, Defendant Deborah Lee filed a motion to remand, which was joined by Defendant Gregory Wagner at Docket 31 and non-opposed by the State Court Defendants at Docket 32.

As explained below, Plaintiffs cannot proceed with the probate case in federal court, so it must be remanded to the State Superior Court.  Further, Plaintiffs' Civil Rights Complaint must also be dismissed.  Plaintiffs name the State Court Defendants, but they are all immune from suit, and Plaintiffs cannot bring a civil rights complaint in federal court against their siblings, because they are not state actors as required by 42 U.S.C. § 1983. Accordingly, the probate matter must be remanded to state court and all of the remaining claims must be dismissed.

---

[7] Docket 1 at 4.

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 3 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 3 of 10

## I. CLAIMS AGAINST STATE COURT DEFENDANTS

In their motion at Docket 14, State Court Defendants assert that judicial immunity bars all of Plaintiffs' claims against them. It may be that Plaintiffs' filing at Docket 23 was intended to constitute their opposition to this motion, but it does not respond directly to the applicable legal principle raised by the State Court Defendants in their motion.

The law is clearly established that judicial officers are entitled to absolute judicial immunity from federal civil rights suits for judicial acts taken within the jurisdiction of their courts, and "judicial immunity is not overcome by allegations of bad faith or malice."[8] Judicial immunity is an absolute immunity from suit overcome only (1) where a judge takes actions outside of judicial capacity, or (2) where judicial actions were taken in the complete absence of all jurisdiction.[9] Similarly, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."[10] A mistake does not abrogate this absolute immunity even if it results in "grave procedural errors."[11]

---

[8] *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978).

[9] *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991).

[10] *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

[11] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 4 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 4 of 10

Accordingly, Plaintiffs' allegations against the State Court Defendants Judge Kirk Schwalm, Magistrate Judge Spencer Ruppert, and Superior Court Clerks Ruth Meier, CSoliz, and Tessa Tate all directly relate to judicial actions taken by them in their official capacities in the state probate cases. These Defendants are all absolutely immune from suit, so the State Court Defendants' motion to dismiss at Docket 14 is GRANTED and all claims against them are DISMISSED with prejudice.[12]

## II. REMAINING CLAIMS AGAINST DEBORAH LEE AND GREGORY WAGNER

*A. The Probate Exception Bars Removal of the Probate Case*

At Docket 30, Defendant Deborah Lee seeks to remand the probate action to the state court. Plaintiffs did not file any response to this motion. Oral argument was requested on this motion but was unnecessary to the Court's determination.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in a state court to a district court if the plaintiffs could have originally filed the action in federal court. Removal is thus only proper if the federal district court possesses original jurisdiction over the issues alleged in the state court complaint.[13] When an

---

[12] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.").

[13] *See* 28 U.S.C. § 1441(a).

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 5 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 5 of 10

action is removed from state court, the removing party bears the burden of demonstrating that removal is proper.[14] Because district courts are courts of limited jurisdiction, courts construe the removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of removal.[15]

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court."[16] The probate exception prevents a federal court from (1) probating or annulling a will, (2) administering a decedent's estate, or (3) assuming *in rem* jurisdiction over property that is in the custody of the probate court."[17] Cleary, the probate exception applies here and the Court lacks subject matter jurisdiction over the probate proceedings. Accordingly, pursuant to 28 U.S.C. § 1447(c), the state case, *In the Matter of the Estate of Richard Errol Wagner*, Case No. 4FA-23-00055 PR, is REMANDED to the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks.

    B. *The Court Lacks Jurisdiction over the Remaining Claims*

The remaining claims are Plaintiffs' claims alleging civil rights violations by Defendants Deborah Lee and Gregory Wagner. Plaintiffs assert Defendants

---

[14] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[15] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[16] *Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego,* 865 F.3d 1237, 1251 (9th Cir. 2017).

[17] *Id.* at 1252.

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 6 of 10
Case 4:23-cv-00013-SLG    Document 33    Filed 12/21/23    Page 6 of 10

violated their civil rights (42 U.S.C. § 1983), conspired to deprive Plaintiffs of their rights (42 U.S.C. § 1985), and neglected to prevent interference with their civil rights (42 U.S.C. §1986).

42 U.S.C. § 1983 ("Section 1983") "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."[18] Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.[19] To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.[20] Private citizens are not proper defendants for a Section 1983 action.[21]

As explained above, judges and judicial employees are immune from suit and all claims against the State Court Defendants must therefore be dismissed. The remaining Defendants, Deborah Lee and Gregory Wagner, are private

---

[18] *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

[19] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[20] See *West v. Atkins,* 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

[21] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc*); see generally Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) (analyzing whether a corporation's actions that resulted in the loss of the petitioner's property were under color of state law.).

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 7 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 7 of 10

citizens, not state actors, and therefore are not proper defendants for federal civil rights claims. Therefore, Plaintiffs have failed to state a cognizable claim under Section 1983.

Because Plaintiffs cannot maintain a Section 1983 action against any of the named Defendants, they likewise cannot maintain a Section 1985 conspiracy claim. This is because "the absence of a Section 1983 deprivation of rights precludes a Section 1985 conspiracy claim predicated on the same allegations."[22] Similarly, 42 U.S.C. § 1986 ("Section 1986") imposes liability on any person who knows of an impending violation of Section 1985 but neglects or refuses to prevent the violation."[23] Section 1986 claims are therefore derivative of Section 1985 violations because "[t]he text of § 1986 requires the existence of a § 1985 conspiracy," and, as such, these claims must too be dismissed.[24]

Nor can Plaintiffs maintain an action in federal court alleging state law claims such as conversion or other tort claims against Defendants Lee and Wagner on the basis of diversity of citizenship. To maintain such claims in federal court, a pleading must allege that each defendant's domicile is in a state different from each plaintiff's domicile and that the amount in controversy exceeds $75,000.[25]

---

[22] *Caldeira v. Cnty. of Kauai,* 866 F.2d 1175, 1182 (9th Cir. 1989).

[23] *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

[24] *Scofield v. Guillard,* No. 3:22-CV-00521-REP, 2023 WL 5045274, at *8 (D. Idaho Aug. 8, 2023).

[25] *See* 28 U.S.C. § 1332(a); *Demarest v. HSCB Bank USA*, 920 F.3d 1223, 1226 (9th Cir.

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 8 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 8 of 10

Here, all Plaintiffs and Defendants Lee and Wagner are all citizens of Alaska.[26] Therefore, Plaintiffs have not established "complete diversity of citizenship,[27] and the Court lacks diversity jurisdiction in this case.

## CONCLUSION

Plaintiffs have improperly removed the state probate case and failed to establish that this Court has jurisdiction over any of the remaining claims. Therefore, the motion to remand the state probate case is GRANTED and the motions to dismiss all remaining claims against the State Court Defendants and Defendants Lee and Wagner are each GRANTED for the reasons set forth herein. Further, because this Court finds that it clearly would not be possible for Plaintiffs to amend the complaint to state a viable cause of action in federal court against any of the named defendants, the dismissal of all claims in this action shall be without leave to amend.[28]

**IT IS THEREFORE ORDERED:**

1. The Motion to Remand at Docket 30 is GRANTED; *In the Matter of the Estate of Richard Errol Wagner*, Case No. 4FA-23-00055 PR, is REMANDED to the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks. A

---

2019).

[26] Docket 1 at 2.

[27] *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

[28] *See Foman v. Davis*, 371 U.S.178 (1962)

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 9 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 9 of 10

certified copy of this order shall be mailed by the clerk of this court to the clerk of the State court.

2. The State Court Defendants' Motion to Dismiss all claims against them at Docket 14 is GRANTED; all claims against these Defendants are DISMISSED WITH PREJUDICE.

3. Defendant Deborah Lee's Motion to Dismiss at Docket 9, as joined by Defendant Gregory Wagner at Docket 12, is GRANTED and all remaining claims against them are DISMISSED.

4. All other pending motions are DENIED as moot.

5. The Complaint at Docket 1 is DISMISSED for lack of jurisdiction and without leave to amend. The Clerk shall enter a final judgment accordingly.

DATED this 21st day of December, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:23-cv-00013-SLG, *Wagner, et al. v. Ruppert, et al.*
Order Remanding State Case and Dismissing All Other Claims
Page 10 of 10
Case 4:23-cv-00013-SLG   Document 33   Filed 12/21/23   Page 10 of 10